IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| **PROPERTY SERVICES OF ATLANTA,** | | |
| Plaintiff, | | |
| v. | | 1:13-cv-4070-WSD |
| **YTIVIA YOUNG and WILLIE YOUNG,** | | |
| Defendants. | | |

**OPINION AND ORDER**

This matter is before the Court on Magistrate Judge J. Clay Fuller's Final Report and Recommendation [2] ("R&R"), which recommends remanding this dispossessory action to the Magistrate Court of Cobb County, Georgia.

**I.   BACKGROUND**

On October 15, 2013, Plaintiff Property Services of Atlanta ("Plaintiff") initiated a dispossessory proceeding against its tenants, Defendants Ytivia Young and Willie Young (together, "Defendants") in the Magistrate Court of Cobb County, Georgia.[1]  The Complaint seeks possession of premises currently occupied by Defendants, plus past due rent, late fees, and costs.

---

[1]   No. 13E17331.

On December 9, 2013, Defendants, proceeding *pro se*, removed the Cobb County Action to this Court by filing their Notice of Removal and an application to proceed *in forma pauperis* ("IFP") [1]. Defendants appear to assert that there is federal subject-matter jurisdiction based on the existence of a question of federal law. They claim in their Notice of Removal that Defendants violated "28 USC 136" and "28 USC 1446(D) [sic]" "having a legal duty to abort eviction pursuant to O.C.G.A. [§] 51-1-6." (Notice of Removal [4] at 2).[2]

On December 11, 2013, Magistrate Judge Fuller granted Defendants' application to proceed IFP. Judge Fuller also considered *sua sponte* the question of federal jurisdiction and recommends that the Court remand this case to the Magistrate Court of Cobb County.

Judge Fuller found that Plaintiff's underlying pleading shows that this action is a dispossessory action, which Defendants contend violates federal law. Noting that a federal law defense or counterclaim alone is not sufficient to confer federal jurisdiction, Judge Fuller concluded that the Court does not have federal question

---

[2]   28 U.S.C. § 136 provides the requirements for chief judge of a district court. 28 U.S.C. § 1446(d) requires a removing defendant to give written notice of removal to adverse parties and to file a copy of the notice of removal with the clerk of the state court. O.C.G.A. § 51-1-6 provides a cause of action generally for a plaintiff who is injured by a defendant's breach of a statutory duty where the cause of action does not exist otherwise.

jurisdiction over this matter and that this case is required to be remanded to the state court.

There are no objections to the R&R.

## II.  DISCUSSION

### A.  Legal Standard

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject, or modify a magistrate judge's report and recommendation.  28 U.S.C. § 636(b)(1); Williams v. Wainwright, 681 F.2d 732, 732 (11th Cir. 1982) (per curiam).  A district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1).  With respect to those findings and recommendations to which a party has not asserted objections, the Court must conduct a plain error review of the record.  United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983) (per curiam).

### B.  Analysis

Defendants do not object to the R&R's conclusion that Plaintiff's Complaint does not present a federal question.  The Court does not found any error in this conclusion.  It is well-settled that federal-question jurisdiction exists only when a federal question is presented on the face of a plaintiff's well-pleaded complaint and

that the assertions of defenses or counterclaims based on federal law cannot confer federal question jurisdiction over a cause of action.  See Beneficial Nat'l Bank v. Anderson, 539 U.S. 1, 6 (2003); Holmes Group, Inc. v. Vornado Air Circulation Sys., Inc., 535 U.S. 826, 830-32 (2002).  This action is thus required to be remanded to the state court.  See 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").[3]

## III.   CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Magistrate Judge J. Clay Fuller's Final Report and Recommendation [2] is **ADOPTED**.  This action is **REMANDED** to the Magistrate Court of Cobb County, Georgia.

**SO ORDERED** this 4th day of February, 2014.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE

---

[3]  The Court also notes that, even if subject-matter jurisdiction existed, the Court is unable to grant Defendants the relief they seek—a stay of state court eviction proceedings—because a federal court is prohibited under the Anti-Injunction Act, 28 U.S.C. § 2283, from enjoining a state court eviction proceeding.